## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | **CASE NO. 6:19-CR-00066-JCB-JDL** |
| **vs.** | § | |
| | § | |
| | § | |
| **ISAIAH BODATE PIERCE (1)** | § | |

### REPORT AND RECOMMENDATION
### ON REVOCATION OF SUPERVISED RELEASE

On March 27, 2026, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Dustin Farahnak. Defendant was represented by Assistant Federal Defender Ken Hawk.

### *Background*

After pleading guilty to the offense of Felon in Possession of a Firearm, a Class C felony, Isaiah Bodate Pierce was sentenced on March 26, 2021, by United States District Judge J. Campell Barker. The offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 19 and a criminal history category of VI, was 63 to 78 months. The Court sentenced Defendant to imprisonment for a term of 72 months, followed by a 3-year term of supervised release, subject to the standard conditions of supervised release and special conditions to include financial disclosure, drug aftercare, and acquire a high school certificate. Defendant completed his term of imprisonment and started his term of supervised release on June 16, 2025. On July 23, 2025, the Court ordered a modification of conditions to include mental health aftercare.

1

*Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on September 5, 2025, United States Probation Officer Satori Barnes alleges that Defendant violated the following condition of supervised release:

1. **Allegation 1 (mandatory condition): The defendant must not commit another federal, state, or local crime. Allegation 2 (mandatory condition): The defendant must not unlawfully possess a controlled substance.** It is alleged that a Longview, Texas, police officer initiated a traffic stop on August 31, 2025, of a vehicle Defendant was driving after smelling the odor of marijuana coming from the vehicle while traveling northbound on South Green Street. The vehicle was the only vehicle on the roadway and the odor never left after the officer stayed with the vehicle for several blocks. When the officer stopped and approached the vehicle on the driver's side, the officer observed smoke rolling out of the vehicle and the odor became stronger. A scale and scissors with residue on them were observed in Defendant's lap and a green leafy substance was observed on his lap and chest. After the officer asked if marijuana was in the vehicle, Defendant answered yes and advised he grew it. Defendant handed the officer a bag containing marijuana before leaving the vehicle. As Defendant was exiting the vehicle, the officer observed him throw a cigarette containing a green leafy substance on the ground. A search of the vehicle revealed a bag containing marijuana on the passenger floorboard, a scale, rolling papers, scissors and a cigarette roller. A blue backpack containing a glass jar of marijuana was in the back passenger seat behind the driver's seat. Additionally, several hundred dollars were in the pocket of a white and grey zip up hooded jacket in the back seat. Defendant informed the officer all the contraband belonged to him. You were arrested for Possession of Marijuana < 2 oz, a Class B Misdemeanor, as documented by the Longview Police Department's offense report number 25-11654.

2. **Allegation 3 (mandatory condition): The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.** It is alleged that you submitted urine specimens on June 16, 2025; June 24, 2025; July 1, 2025; July 25, 2025; and August 1, 2025 that tested positive for marijuana and were confirmed positive. You signed admission forms concerning the June 24, 2025 and July 1, 2025 positive tests. It is also alleged that, on August 5, 2025, you admitted to using marijuana on or about August 3, 2025, and signed an admission form.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without

credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class C felony. Accordingly, the maximum imprisonment sentence that may be imposed is 2 years. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was VI. The guidelines provide that Defendant's guideline imprisonment range for a Grade C violation is 8 to 14 months.

### Hearing

On March 27, 2026, Defendant appeared for a final revocation hearing. Assistant United States Attorney Dustin Farahnak announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 3 of the petition and to jointly request a sentence of imprisonment for a term of 8 months, with no further term of supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 3 of the petition. Defendant requested a recommendation to the Bureau of Prisons to designate him to FCI Texarkana to facilitate family visitation.

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (5th Cir. 2005) (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); *see also United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 3 of the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to imprisonment for a term of 8 months, with no further term of supervised release. Through an individualized assessment, I determined that no new term of supervised release is warranted. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

### RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 3 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to imprisonment for a term of 8 months, with no further term of supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Texarkana.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's

4

supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment for a term of 8 months, with no further term of supervised release.

So ORDERED and SIGNED this 27th day of March, 2026.

_____

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE